# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

      Plaintiff,

v.                                                                                        Case No. 07-20072-09-JWL
                                                                                               16-2353-JWL

Sean Hicks,

      Defendant.

## MEMORANDUM & ORDER

Defendant Sean Hicks has filed a § 2255(f)(3) petition in which he seeks relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, Mr. Hicks asserts that the residual clause contained in § 4B1.2(a)'s definition of "crime of violence" is unconstitutionally vague under *Johnson* and, accordingly, that his underlying felony convictions no longer qualify as "crimes of violence" for purposes of the career offender guideline. The government has moved to dismiss Mr. Hicks' petition on the grounds that *Johnson* does not afford Mr. Hicks any relief. *See Beckles v. United States*, 2017 WL 855781, 580 U.S. \_\_\_ (U.S. Mar. 6, 2017) (Sentencing Guidelines not subject to due process vagueness challenge; *Johnson*'s vagueness holding does not apply to Guidelines). According to the government, because *Johnson* does not apply to Mr. Hicks' case, it cannot serve to restart the statute of limitations under 28 U.S.C § 2255(f)(3). In response to the government's motion, Mr. Hicks, through counsel, candidly concedes that *Beckles* forecloses his claim for relief. His motion, then, must be dismissed as untimely.

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that Mr. Hicks' petition is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to dismiss (doc. 626) is **granted** and Mr. Hicks' motion to vacate under 28 U.S.C. § 2255 (doc. 616) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge